Jo ROBINSON *et al.*, Appellants, *v.* JOHN MOORE, Appellee.

### APPEAL FROM SALINE.

The question of the location of a county seat must be inquired into by a direct proceeding; it cannot be determined collaterally.

THIS was an appeal from a judgment rendered in the Circuit Court of Saline county, in this State.

The appellants assign for error, that the judgment was rendered at Harrisburg, and not at Raleigh, the seat of justice of said county.

R. S. NELSON, for Appellants.

RAUM & HAYNIE, for Appellee.

CATON, C. J. So far as we can judge from the manner in which this case has been presented, we suppose it is the purpose of the appellants to try, in this mode, as to where the legal county seat of Saline county is; for the only complaint is, "that the judgment was rendered at Harrisburg, and not at Raleigh, the seat of justice of said county." But neither of the facts here assumed is shown by the record. There is not one word in the record from which we can learn where the court was held, only that it was in the county of Saline; nor is there one word showing what place is the county seat of that county; nor can that question be settled by an inspection of the statutes or the decisions of this court. The summons was tested at Harrisburg, but even if that was void, for this or any other reason, that would not help the case for the appellants, for they appeared, filed a plea and defended the action.

But beyond all this, we cannot try the question sought to be raised, in this collateral way. Whenever we settle that question, it must be on a direct proceeding for that purpose.

This may be a question of great doubt, depending upon controverted facts; and it would be monstrous indeed to hold, that if the circuit judge was mistaken in his conclusions, as to which place was the legal county seat, all his judgments were therefore void, and all his proceedings mere nullities.

Such is not the law, and the judgment is affirmed.

*Judgment affirmed.*